# BROWN *v.* MACFARLAND.

### CONDEMNATION OF LAND; PRACTICE.

1. It is error for the lower court, in a proceeding for the condemnation of land for the widening of a certain avenue under the act of Congress of March 3, 1899, Sec. 5, and chap. 11, R. S. D. C., to confirm the verdict of a jury of seven awarding damages for the lands condemned, where the owners of property embraced in the verdict have filed exceptions thereto and have prayed that the verdict be set aside and vacated, as the last-named statute (Secs. 263–265) provides that if any owner shall be dissatisfied with the verdict of the jury of seven a second jury of twelve shall be summoned, whose award shall be conclusive.

2. Under such circumstances, it is the duty of the authorities, and not of the excepting owners, to demand the summoning of a second jury, the owners of the lands proposed to be condemned being in the position of defendants or opponents of the proceedings, so that all affirmative acts prescribed by the statute must be shown to have been complied with by those authorized to take and prosecute the proceeding.

3. Statutory proceedings for the condemnation of lands are void and without effect unless affirmatively shown to have been pursued in substantial compliance with the statutes authorizing them.

No. 1142.   Submitted March 6, 1902.   Decided April 1, 1902.

HEARING on an appeal by the exceptants from an order of the Supreme Court of the District of Columbia, holding a district court of the United States, overruling exceptions to and confirming the verdict of a jury in proceedings for the condemnation of land.                          *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Samuel Maddox* for the appellants.

*Mr. Andrew B. Duvall, Mr. E. H. Thomas* and *Mr. Arthur O'Connor* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an appeal brought into this court from a special term of the Supreme Court of the District of Columbia, sitting as a district court, in a matter of a proceeding instituted therein by the Commissioners of said District of Columbia, to obtain condemnation of land necessary for the extension and widening of Sherman avenue from Florida avenue to Whitney avenue, with the uniform width of 100 feet.

This extension and widening of Sherman avenue are authorized by section 5 of the act of Congress of March 3, 1899. The section of the act just referred to, after conferring authority upon the Commissioners of the District to institute proceedings for condemnation of lands for extending and widening the avenue, then provides:

" That of the amount found due and awarded for damages for and in respect of the land condemned under this act for the extension and widening of said Sherman avenue not less than one-half thereof shall be assessed by said jury in said proceedings against those pieces or parcels of ground abutting on both sides of Sherman avenue, and the extension thereof as herein provided, to a distance of three hundred feet from the building lines on the east and west sides of Sherman avenue as widened and extended: *Provided,* that no assessment shall be made against those pieces or parcels of ground out of which land has already been dedicated to the District of Columbia for the purpose of widening Sherman avenue as herein provided for."

The act contains no special or express provision in any of its own sections prescribing the mode and form of conducting the procedure for procuring the condemnation of the land required; but, instead thereof, by the ninth section of the act, it is provided, " That the proceedings for the condemnation of the lands as provided for in this act shall be under and according to the provisions of chapter eleven of the Revised Statutes of the United States relating to the District of Columbia, which provides for the condemnation of lands in said District for public highways."

This general reference to and making the provisions of chapter 11 of the Revised Statutes applicable to proceedings under the act of 1899, makes it necessary that we examine the sections of the Revised Statutes that apply to and prescribe the mere mode of procedure for the condemnation of land.

By section 257, of chapter 11 of the Revised Statutes, it is provided, that whenever the amount of damages for the land required for a highway cannot be agreed upon, " the proper authorities shall direct the marshal of the District to summon a jury of seven judicious, disinterested men, not related to any party interested, to be and appear on the premises on a day specified, to assess the damages, if any, which each owner of land through which the road is to pass may sustain by reason thereof."

Section 260 provides that the marshal shall summon the jury, and administer the oath to them, that they will, etc., decide what damages, if any, each owner may sustain by reason of running the road through his premises.

Section 262 provides, that the jury, having been upon the premises and assessed the damages, " shall make out a written verdict, to be signed by them, or the majority of them, and attested by the marshal, which shall be transmitted to the proper authorities, and which shall be recorded."

Section 263 provides that, " If the proper authorities or any owner of the lands are *dissatisfied with the verdict thus rendered,* and no arrangement being made between them, the marshal *shall be ordered* to summon a second jury of twelve judicious, disinterested men, not related to any one interested, to meet and view the premises, giving the parties interested at least ten days' notice of the time and place of meeting. And the marshal and jury shall proceed as before directed in regard to the first jury." And this latter verdict is declared, by section 264, to be final and conclusive.

Section 265 provides, that " In all cases where it becomes necessary to summon a second jury to assess damages, if the amount assessed by the second jury shall not be greater than the amount assessed by the first, the costs of the second jury

shall be paid by the parties objecting to the first verdict; but if greater, they shall be paid by the District. All expenses up to the second jury shall be paid by the District."

These several sections and provisions of chapter 11 of the Revised Statutes must be construed as modified by and be made to harmonize with the provisions of the act of March 3, 1899, so far as the mode of procedure is concerned; that is to say, as to the manner of summoning and organizing the juries, the making up and returning of their verdicts, the rejection of the first verdict, and the summoning and proceeding of the second jury, and the final and conclusive effect of their verdict. The rejection of the verdict of the first jury of seven, upon dissatisfaction expressed by either of the parties concerned, appears to be in the nature of an appeal from the decision of the jury of seven to a jury of twelve.

Acting under the provisions of the Revised Statutes referred to, the marshal was directed to summon a jury of seven, who viewed the lands that were intended to be condemned, heard and considered the testimony of witnesses, and rendered their verdict, which was filed May 9, 1900, whereby damages were awarded for the lands condemned, and assessments were made, to the extent of one-half of the damages, as and for benefits to the abutting or adjacent lands. This verdict remained in court without action thereon until July 22, 1901, when the appellants, being owners of several pieces or parcels of land embraced in the verdict, filed exceptions to the verdict making the award of damages and the assessment of benefits; though they did not in terms pray for a jury of twelve to be summoned, but they did pray that the verdict be set aside and vacated. The exceptions thus filed were overruled by the court, and the verdict of the jury of seven was accepted and confirmed. After the exceptions were filed and before the action of the court thereon, the Commissioners, the present appellees, by motion, prayed the court that the verdict of the jury should be finally confirmed, notwithstanding the exceptions thereto filed, and it was accordingly confirmed on October 2, 1901, and it is from that order that this appeal is taken.

The record contains no evidence of the actings and doings of the jury of seven other than that furnished by the verdict itself. There was no evidence produced in the court below, and of course there is none produced here. The matters of valuation and award of damages, nor that of assessments for benefits, cannot, therefore, be the subjects of review by this court. The statute, manifestly, does not contemplate that such review should be had by the court, as there is no provision made for the production of evidence to the court, and it is expressly provided that the verdict of the second jury or jury of twelve *shall be final and conclusive.* The only question, therefore, on this appeal is one of law, and that is, whether the exceptions to the verdict of seven should have been taken and treated by the court as an expression of dissatisfaction with the verdict by the exceptants, and thereupon making it incumbent upon the proper authorities, if they desire to proceed with the work of condemnation, to order the marshal to summon a jury of twelve, as directed by the statute.

It is contended for the appellants that upon making their dissatisfaction with the verdict known, by filing their exceptions, that it was their absolute and unqualified right, if the proper authorities intended to prosecute the proceeding for condemnation and assessment, that a jury of twelve should have been ordered to be summoned as directed by the statute; and that it was wholly incompetent to the court to disregard the exceptions and dissatisfaction of the appellants and proceed to accept and confirm the verdict of a majority of the jury of seven. On the other hand, it is insisted by the appellees, the Commissioners of the District, that, upon the proper construction of the act of March 3, 1899, in connection with the sections 257, 260, 261, 262, 263 and 264 of chapter 11 of the Revised Statutes relating to the District of Columbia, it was neither the duty of the court, or of the proper authorities prosecuting the proceeding, to order, upon the expression of dissatisfaction of the owners of property with the first verdict, the summoning of a second jury to consist of twelve, whose verdict is declared to be final and

34

conclusive. In this contention, however, we cannot concur. To support such contention, we should be required to disregard the express mandate of the statute.

Section 9, of the act of March 3, 1899, is explicit in declaring that the proceeding for the condemnation of the lands as provided for in that act, " *shall be under and according to the provisions* of chapter eleven of the Revised Statutes relating to this District." This provision of the act of 1899 only has reference, as we have before stated, to the manner of proceeding in organizing the agency or tribunal for the condemning the lands, awarding the damages, and making the assessments; but not as to the *manner* of awarding damages and levying assessments for benefits; that being directed by section 5 of the act of 1899. If the sections of chapter 11 of the Revised Statutes, in respect to the mode of procedure in organizing the juries and declaring the effect of their verdicts, are not given effect, there would be a serious defect in the statute authorizing this proceeding for the extension of Sherman avenue; for the act of March 3, 1899, fails to make any other provision as to the mode of organizing the juries for awarding damages and making assessments, than the general reference to and adoption of the mode of procedure as contained in the several sections of chapter 11 of the Revised Statutes referred to, by section 9 of the act of 1899.

It is urged that the appellants did not, in terms, demand that the second jury of twelve should be ordered, and therefore the court was justified in ratifying the verdict of seven. But it must be borne in mind that it was not the duty of the appellants, as owners of lands proposed to be condemned, to demand a summoning of a second jury. The statute does not require it of them. That is the duty of the authorities authorized to institute and prosecute the proceedings of condemnation to completion. The owners of the lands proposed to be condemned are placed in the position of defendants or opponents of the proceeding of condemnation; and, consequently, all affirmative acts prescribed by the statute in perfecting the proceeding, must be shown to have been complied with by the parties authorized to take and prosecute the pro-

ceeding. The whole proceeding is strictly statutory, and it must be affirmatively shown that all the provisions of the statutes that apply to the proceedings have been substantially complied with. Otherwise the whole proceeding would be void and without effect.

The provisions of chapter 11 of the Revised Statutes relating to the District of Columbia, have been applied in several cases of condemnation, where they have been referred to for the mode of procedure as in the present instance. These instances are referred to, in the opinion of the Supreme Court of the United States, in the case of *Bauman* v. *Ross,* 167 U. S. 548, 573 ; and in that case, the court, in referring to the course of proceeding in case of dissatisfaction by the court or any of the landowners, with the verdict of seven, said, " that the matter might be submitted to a jury of twelve, proceeding as before, the verdict of whom, or a majority of whom, was final."

Without further remark upon the proceedings of the court below, we are of opinion that there was error in confirming the verdict of seven, notwithstanding the exceptions filed thereto, and that the order appealed from must be reversed, and the case remanded, that proceeding may be taken and a jury of twelve ordered, as directed by the statute.

*Order reversed.*